IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| DIANA K. UPCHURCH, | |
|---|---|
| Plaintiff, | CV-13-47-GF-DLC-RKS |
| vs. | |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | FINDINGS AND RECOMMENDATION TO GRANT SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT |
| Defendant. | |

**I. Synopsis**

Ms. Upchurch is seeking disability benefits under the Social Security Act. The Administrative Law Judge (ALJ) determined Ms. Upchurch became qualified for disability benefits in December 2008. The ALJ determined her condition then improved so that she ceased to be disabled after March 2011. The ALJ's finding that Ms. Upchurch became eligible for benefits in 2008 is not in dispute. The ALJ's finding that Ms. Upchurch ceased to be eligible for benefits April 1, 2011 is supported by progress reports from Ms. Upchurch's surgeon and other evidence, and is not based on legal error. Summary judgment should be granted in favor of the Commissioner.

**II. Jurisdiction**

The District Court is vested with jurisdiction by 42 U.S.C. § 405(g). The case was filed in the Great Falls Division of the District of Montana. Doc. 1. Venue is proper, as the plaintiff resides in Hill County, Montana. Doc. 1.2(c)(3). The case is assigned to United States District Judge Brian Morris, Doc. 17, and referred to the undersigned to submit proposed findings of fact and recommendations of law on all dispositive motions. Doc. 9.

### III. Status

Ms. Upchurch filed for Supplemental Security Income and Disability Insurance Benefits in July 2009. Tr. 13. She alleged a disability onset date of December 2, 2008. Tr. 153. Her claim was denied initially in February 2010. Tr. 106. Ms. Upchurch filed a request for reconsideration, which was denied in August 2010. Tr. 113-114. She requested a hearing with an ALJ; the hearing occurred on September 29, 2011. Tr. 50-101 (hearing transcript).

The ALJ issued a decision in December 2011, concluding that Ms. Upchurch qualified for DIB and SSI benefits for the period December 02, 2008 through March 31, 2011. Tr.14-27. He concluded that her impairments improved by April 1, 2011 to the extent that she no longer qualified for benefits. Tr. 14-27. The Appeals Council denied review of Ms. Upchurch's case. Tr. 1-4. Consequently, the ALJ's determination is the Commissioner's final decision for purposes of

judicial review. 20 C.F.R. § 416.1481.

## IV. STANDARDS

**Court's role**

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). The court may reject the findings not supported by the record, but may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

**Initial determination**

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (*citing* 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. *Id*. at 946. At step one, the claimant must show he is not currently engaged in substantial gainful activity. *Id*. At step two, the claimant must demonstrate that he has a severe impairment. *Id*. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the

Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id.* If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity. *Jones*, 760 F.2d at 995.

**Termination of disability**

In cases involving the termination of disability benefits, the Commissioner must determine if there has been any medical improvement in the claimant's impairments and, if so, whether the improvement is related to the claimant's ability to work. 20 C.F.R. § 404.1594(a). This case involves a somewhat different scenario: a "closed period" determination, in which the ALJ found Ms. Upchurch was disabled for a finite period that started and ended before his decision. See *Pickett v. Bowen*, 833 F.2d 288, 289 n. 1(11th Cir. 1987) (describing "closed period case."). The Ninth Circuit has not addressed whether the termination standard in § 1594(a) applies in closed period cases. See *Bruna v. Astrue*, 2013 WL 1402362, *16 (N.D. Cal.)(not reported). But other circuits generally have

determined it does.[1] District courts in the Ninth Circuit have done the same.[2]

The ALJ correctly applied that standard in this case, both to Ms. Upchurch's DIB and SSI benefits. For potential termination of DIB, application of the standard involves an 8-step analysis. 20 C.F.R. § 404.1594(f). The analysis for potential termination of SSI benefits is identical to the DIB analysis except that it skips the first step. 20 C.F.R. 404§ 994(b)(5).

Therefore the ALJ must use Steps 1-8, below, to determine if Ms. Upchurch's eligibility for DIB ceased prior to the hearing, and Steps 2-8 to determine if her eligibility for SSI benefits ceased prior to the hearing.

1. Was Ms. Upchurch engaged in substantial gainful activity? If yes, she was no longer entitled to DIB. If no, proceed to Step 2.

2. Did Ms. Upchurch have an impairment or combination of impairments that satisfied the criteria of the any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I? If yes, she remained disabled. If no, proceed to Step 3.

3. Had Mr. Upchurch experienced medical improvement? If yes, proceed to Step 4. If no, skip to Step 5.

4. Was the medical improvement related to Ms. Upchurch's ability to work? If yes, skip to Step 6. If no, proceed to Step 5.

---

[1] *Waters v. Barnhart*, 276 F.3d 716, 718-719 (5th Cir. 2002); *Shepherd v. Apfel*, 184 F.3d 1196, 1200-1201 (10th Cir. 1999); *Jones v. Shalala*, 10 F.3d 522, 524 (7th Cir. 1993); *Chrupcala v. Heckler*, 829 F.2d 1269, 1274 (3d Cir. 1987); *Pickett v. Bowen*, 833 F.2d 288, 291-292 (11th Cir. 1999).

[2] *Mendoza v. Apfel*, 88 F.Supp.2d 1108, 1113 (C.D. Cal. 2000); *Bruna* at *16, *Garcia v. Astrue*, 2008 WL 4104342, *7 (N.D. Cal.)(not reported).

5. Did either of the two categories of exceptions to medical improvement exist? If an exception in the first group applies, proceed to Step 6. If an exception in the second group applies, disability ends. If no exception applies, disability continues.

6. Did Ms. Upchurch have a severe impairment or combination of impairments? If yes, proceed to Step 7. If no, disability ends.

7. Did Ms. Upchurch's residual functional capacity permit her to perform her past relevant work? If yes, disability ends. If no, proceed to Step 8.

8. Did Ms. Upchurch have the residual functional capacity to perform other work that has a significant number of jobs? If yes, disability ends. If no, disability continues.

## V. Facts

Ms. Upchurch worked as a police dispatcher until December 2, 2008. Tr. 184. That day she was injured in a car accident in which she was ejected from the vehicle. Tr. 239. Ms. Upchurch alleged that she became disabled on the day of the accident. Tr. 181. The ALJ agreed.[3] Tr. 20. He found that as of December 2, 2008, Ms. Upchurch had the following severe impairments: status-post motor vehicle accident multiple traumatic injuries with him, leg and ankle issues, bilateral knee arthritis, depression and anxiety. Tr. 18. The ALJ found that Ms. Upchurch's hip condition satisfied the criteria of listings 1.03 and 1.06A&B of the Listing of Impairments on her alleged disability date, qualifying her for benefits under the

---

[3] Neither party disputes the finding of disability, so the ALJ's analysis as to that issue is described only insofar as it is necessary background for the discussion of his later findings.

Social Security Act. Tr. 19-20.

**Termination**

Next the ALJ considered whether Ms. Upchurch ceased to be disabled at any point prior to the hearing. Applying the termination-of-benefits analysis described above, the ALJ found:

1. Ms. Upchurch was not engaged in substantial gainful activity any time after her alleged disability date. Tr. 18.

2. Ms. Upchurch's severe impairments did not satisfy the criteria of the Listing of Impairments after March 31, 2011. Tr. 21.

3. Medical improvement had occurred as of April 1, 2011. Tr. 22.

4. The medical improvement that occurred related to Ms. Upchurch's ability to work because it removed her impairment from the Listing of Impairments.

5. This step skipped because of affirmative answer at Step 4.

6. The ALJ found that Ms. Upchurch still had the same impairments that she had on December 2, 2008: status-post motor vehicle accident multiple traumatic injuries with hip, leg and ankle issues, bilateral knee arthritis, depression, and anxiety. Tr. 18, 20.

7. The ALJ found that Ms. Upchurch had the residual functional capacity to perform her past relevant work as a dispatcher. Tr. 25.

8. The ALJ found that, alternatively, Ms. Upchurch had the residual functional capacity to perform other work that exists in significant numbers in the national economy. Tr. 25.

Based on that analysis, the ALJ determined Ms. Upchurch ceased to be

disabled on April 1, 2011, and was not entitled to DIB or SSI benefits as of that date. Tr.27.

**Plaintiff's position**

Ms. Upchurch believes the ALJ erred by concluding that she is no longer entitled to benefits. She contends the ALJ erred at Step 3 by finding that Ms. Upchurch had medical improvement in her hip injury, without setting forth evidence to support the finding. Doc. 13 at 11. Ms. Upchurch argues she actually did not have medical improvement in her hip, or at least not medical improvement related to her ability to work. Doc. 13 at 13. Ms. Upchurch contends that she did not have medical improvement in her other conditions either. Doc. 13 at 13. Ms. Upchurch states that the ALJ's medical improvement finding is contrary to the medical evidence and her own testimony, but the ALJ did not provide adequate reasons to reject either. Tr. 25-28. Finally, Mr. Upchurch argues the ALJ relied on testimony from a vocational consultant that did not consider all of her limitations. Tr. 31-32.

**Defendant's position**

The Commissioner contends the ALJ's finding of medical improvement is supported by substantial evidence. Doc. 19 at 2. The Commissioner argues that Ms. Upchurch incorrectly compares her condition on April 1, 2011 to her condition

immediately prior to that date. According to the Commissioner, the proper comparison point is her date of disability onset – December 2, 2008. Doc. 19 at 3. According to the Commissioner, the evidence cited by the ALJ shows that Ms. Upchurch did experience medical improvement in her hip condition, and because that improvement removed her impairment from the Listing of Impairments it was, by regulation, related to her ability to work. Doc. 19 at 4. The Commissioner also argues that the ALJ properly considered the various medical sources, and adequately explained why he rejected a portion of Ms. Upchurch's testimony. Doc. 19 at 9-10.

## VI. Analysis

### A. The ALJ did not err in finding that Ms. Upchurch experienced medical improvement in her hip.

The ALJ's finding at Step 3 of the termination analysis that Ms. Upchurch had medical improvement in her hip is supported by the record. The ALJ based that finding primarily on a report from Dr. Michael Dube, a treating physician who performed a total hip replacement on Ms. Upchurch in 2009. Tr. 21-22. Dr. Dube monitored Ms. Upchurch's progress after the surgery. See e.g. Tr. 442-443. In March 2011, Dr. Dube stated:

> [Ms. Upchurch] states she is feeling very well and her prior symptoms have really resovled. She is very pleased at this point in time, and we will follow her conservatively with no further treatment necessary at this time.

Tr. 442, 3/21/2011

> At this point in time, [Ms. Upchurch's] acetabulum[4] is solidly healed. . . . Her range of motion in her hip is excellent. . . . Two-view x-rays of her hip reveal that her hip is in wonderful position.

Tr. 443, 3/09/2011

Dr. Dube's reports provide strong evidence for the ALJ's conclusion at Step 3 that Ms. Upchurch experienced medical improvement in her hip by April 1, 2011. Ms. Upchurch's strenuous argument that there is no evidence to support improvement in her other impairments – especially anxiety and depression – misses the point. The ALJ was not required to find that all of Ms. Upchurch's impairments had completely (or even partially) resolved. Step 3 of the analysis only asked the ALJ whether there was "any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that your were disabled." 20 C.F.R. § 404.1594(c)(1). On the basis of Dr. Dube's report, the ALJ reasonably found that there was. The ALJ's findings properly compared Ms. Upchurch's condition on April 1, 2011 to her condition on December 2, 2008, since (in this closed-period case scenario) that was the last date Ms. Upchurch had been found to have been disabled. 20 C.F.R. 404.1594(b)(7) ("For purposes of determining whether medical improvement has occurred, we will

---

[4]Part of the pelvis that envelops the femur to form the hip joint. http://www.thefreedictionary.com/acetabulum

-11-

compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled . . .").

The ALJ's finding at Step 3 was not in error.

### B. The ALJ did not err in finding that Ms. Upchurch's medical improvement related to her ability to work.

The ALJ found that Ms. Upchurch's medical improvements resulted in her condition no longer satisfying the criteria of the Listing of Impairments. The ALJ concluded that Ms. Upchurch had regained the ability to ambulate, so no longer qualified as disabled under listing 1.03 or 1.06B, and that her fractured pelvis had solidly healed so she no longer satisfied listing 1.06A. Ms. Upchurch does not appear to challenge these conclusions.

The regulations provided that medical improvement which removes a claimant from the Listing of Impairments necessarily relates to the claimant's ability to work. 20 C.F.R. 404.1594(c)(3)(i) ("If medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make our most recent favorable decision, we will find that the medical improvement was related to your ability to work."). The ALJ's finding at Step 4 was supported by Dr. Dube's reports and consistent with the regulation. The finding was not in error.

C. **The ALJ's determination fo Ms. Upchurch's residual functional capacity is supported by substantial evidence and not based on legal error.**

Ms. Upchurch appears to challenge the ALJ's determination of her residual functional capacity; she contends the ALJ disregarded medical evidence and Ms. Upchurch's own testimony. To the contrary, the ALJ thoroughly reviewed the medical record and considered Ms. Upchurch's accident-related impairments along with her arthritis, depression and anxiety. Tr. 12-25.

As discussed above, the ALJ found that Ms. Upchurch's hip impairment rendered her disabled from December 2008 through March 2011. Ms. Upchurch cites medical records from that period at length, but to no effect: It is undisputed that Ms. Upchurch was disabled until April 1, 2011. The ALJ recognized that Ms. Upchurch continued to have physical impairments after April 1, 2011, and incorporated those impairment into the residual functional capacity. He limited her to work in which she could alternate positions, did not have to lift heavy amount, or stand or walk for extended periods, and was not exposed to extreme temperatures or vibration. Tr. 22-23.

Ms. Upchurch also notes that the ALJ did not provide evidence of improvement for Ms. Upchurch's psychological impairments. The ALJ was not obligated to provide any such evidence, as Ms. Upchurch's psychological

impairments were never the basis for her disability qualification. The medical record establishes that Ms. Upchurch worked successfully with those psychological impairments prior to her period of disability. Tr. 23-24. The ALJ properly incorporated the impairments into the residual functional capacity, limiting Ms. Upchurch from work that involved dealing with large groups of people or more than occasional new learning. Tr. 23.

The ALJ disregarded Ms. Upchurch's testimony to a limited extent: He found her allegations of severe disabling pain and psychiatric limitations after April 1, 2011 were not credible. Tr. 23. He provided reasons for doing so: the claims were inconsistent with the physical abilities she reported, some of her allegations were vague, some of her allegations were not supported by physicians, and her course of treatment was inconsistent with severe pain. Tr. 23. The ALJ did not err in formulating a residual functional capacity that did not completely adopt every allegation Ms. Upchurch made.

> **D.     The ALJ properly relied on a vocational expert's testimony that considered Ms. Upchuch's credible limitations.**

Ms. Upchurch asserts that the ALJ erred by relying on a vocational consultant's testimony that did not consider all of Ms. Upchurch's limitations. Doc. 31 at 36. She argues that the ALJ should have relied on testimony based on a hypothetical that included additional limitations. *Id.* The ALJ relied on testimony

that addressed the limitations he believed Ms. Upchurch actually had. As discussed above, the ALJ's findings with respect to Ms. Upchurch's limitations are supported by substantial evidence and not based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)(ALJ properly relied on response to hypothetical that "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record").

## VII. Conclusion

The ALJ's determination is supported by substantial evidence, and is not based on legal error. The ALJ applied the proper analysis in considering whether and when Ms. Upchurch ceased to be disabled. His findings are supported by substantial evidence and not based on legal error.

The court FINDS:

1. The Administrative Law Judge's determination that Diana Upchurch ceased to be disabled within the meaning of the Social Security Act after March 31, 2011 is supported by substantial evidence and not based on legal error.

The court RECOMMENDS:

1. Plaintiff's motion for summary judgment, Doc. 12, should be denied.

2. Defendant's motion for summary judgment, Doc. 18, should be granted.

3. The Clerk of Court should be directed to enter judgment in favor of the defendant.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 26th day of March, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge