IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DIANA K. UPCHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant. | CV 13-47-GF-BMM<br><br>**ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS** |

This action concerns the determination of Defendant Carolyn Colvin, the acting Commissioner of Social Security (Commissioner), that Plaintiff Diana Upchurch (Upchurch) qualified for disability benefits in December 2008, and then ceased to qualify for benefits after March 2011.

**FACTUAL BACKGROUND**

1

Upchurch resides in Box Elder, Montana. (Doc. 1 at 1-2.) Upchurch applied on July 29, 2009, for disability insurance benefits under Title II of the Social Security Act, and supplemental security income benefits under Title XVI of the Social Security Act. (Doc. 1 at 2.) Upchurch alleged that she had been disabled since December 2, 2008. (*Id*; doc. 25 at 2.) The Commissioner denied that application on February 16, 2010. (Doc. 1 at 2; doc. 25 at 2.) Upchurch sought reconsideration, and the Commissioner affirmed the initial denial of benefits on August 25, 2010. (Doc. 1 at 2; doc. 25 at 2.)

The Administrative Law Judge conducted a hearing, at Upchurch's request, on September 29, 2011. (Doc. 1 at 2; doc. 25 at 2.) The ALJ issued a decision on December 1, 2011, that awarded Upchurch a closed period of disability benefits and supplemental security income benefits from December 2, 2008 until March 31, 2011. (Doc. 1 at 3; doc. 25 at 2.) Upchurch took an appeal to the Social Security Administration Appeals Council (SSAAC), and the SSAAC denied Upchurch's request for review on April 11, 2013. (Doc. 1 at 3; doc. 25 at 2.)

Upchurch sought judicial review of the Commissioner's decision that denied Upchurch benefits after March 31, 2011. (Doc. 1.) United States Magistrate Judge Keith Strong entered his Findings and Recommendation on March 26, 2014. (Doc. 25.) Judge Strong recommended that the Court deny Upchurch's motion for

summary judgment (doc. 12), and grant the Commissioner's motion for summary judgment (doc. 18). (Doc. 25 at 15.)

Upchurch has objected to Judge Strong's findings and recommendations. (Doc. 26.) The Commissioner has responded. (Doc. 27.) Title 28, Section 636(b)(1) of the United States Code entitles an objecting party to review de novo of the findings and recommendations to which they object. The Court will review for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc*., 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Strong's findings and recommendations in full for the reasons discussed.

**JURISDICTION**

Box Elder, Montana lies within the Great Falls Division of the District of Montana. Upchurch correctly brought suit in this District. 42 U.S.C. § 405(g).

**ANALYSIS**

The Court adopts by reference the factual background as enumerated in Judge Strong's findings and recommendations. Where the issue of continued disability or medical improvement is concerned, "a presumption of continuing disability arises" in the claimant's favor once that claimant has been found to be disabled. *Bellamy v. Sec'y of Health & Human Servs*., 755 F.2d 1380, 1381 (9th Cir. 1985); *accord Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). The

Commissioner bears the "burden of producing evidence sufficient to rebut [the] presumption of continuing disability." *Bellamy*, 755 F.2d at 1381; *see also Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983) ("The Secretary . . . has the burden to come forward with evidence of improvement."). A reviewing court will not set aside a decision to terminate benefits unless the determination is based on legal error or lacks support by substantial evidence in the record as a whole. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984).

Upchurch argues first that "the uncontested findings of fact preclude [Judge Strong]'s findings and recommended decision and require summary judgment" in Upchurch's favor. (Doc. 26 at 2.) Upchurch fails to identify, however, any specific facts that preclude Judge Strong's findings and recommendations to this Court. (Doc. 26 at 2.) Despite Upchurch's failure, the Court has reviewed Upchurch's proposed uncontested findings of fact. (Doc. 14.)

Upchurch recounts with exceptional detail her medical conditions and doctor's findings. (Doc. 14 at 1-17.) No conflict exists, however, between the conclusions that Upchurch's proposed uncontested findings of fact espouse, (doc. 14 at 1-17), and those factual conclusions that Judge Strong made. (Doc. 20 at 7-8.) As no conflict exists between Judge Strong's findings and Upchurch's proposed uncontested findings of fact, Upchurch has failed to identify any error in

Judge Strong's findings of fact. Upchurch's proposed uncontested findings of fact fail to require as matter of law summary judgment in Upchurch's favor.

Upchurch objects next to Judge Strong's determination that the ALJ applied correctly "the standard for termination of disability benefits in a closed period determination." (Doc. 26 at 2.) Upchurch suggests that the ALJ simply "determined [Upchurch] no longer met a Listing and determined based upon that finding she was capable of working." (Doc. 26 at 2.) Upchurch contends that Judge Strong's acceptance of the ALJ's conclusions represents legal error. (Doc. 26 at 2.)

Upchurch's claim conflicts with the standard by which the ALJ must determine improvement related to ability to work. Section 404.1594(c)(1) of Title 20 of the Code of Federal Regulations requires the ALJ to determine whether "any decrease in the medical severity of impairment(s)" presented between December 2, 2008, (the date of Upchurch's most recent favorable medical decision) and April 1, 2011 (the date of the hearing ). 20 C.F.R. § 404.1594(c)(1). "[A]ny decrease in the medical severity of [] impairment(s)" constitutes "[m]edcial improvement." 20 C.F.R. § 404.1594(b)(1). The ALJ found "medical improvement" of Upchurch's symptoms. (Tr. at 22.) Nothing in the code of federal regulations requires, unfortunately, that the ALJ find that Upchurch's impairments had resolved entirely. *See* 20 C.F.R. § 404.1594(c)(1).

Once the ALJ found "medical improvement had occurred," the ALJ then determined whether Upchurch's "impairment[s] no longer [met] or equal[ed] the same listing section used to make [the Commissioner's] most recent favorable decision." 20 C.F.R. § 404.1594(c)(3). The ALJ found that "[b]eginning April 1, 2011, [Upchurch] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments" that Upchurch had met from December 2, 2008 through March 31, 2011. (Tr. at 19, 21.) The ALJ's finding of "medical improvement" in Upchurch's condition as of December 2, 2008, compared to April 1, 2011, constitutes the ALJ's requisite finding that Upchurch no longer met or equaled the same listing section that the Commissioner had relied upon to make the most recent favorable decision for Upchurch. 20 C.F.R. § 404.1594(c)(3)(i).

Section 404.1594(c)(3)(i) of Title 20 of the Code of Federal Regulations mandates that "[i]f medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make our most recent favorable decision, we will find that the medical improvement was related to your ability to work." 20 C.F.R. § 404.1594(c)(3)(i). Upchurch's "medical improvement" related, therefore, to Upchurch's ability to work. 20 C.F.R. § 404.1594(c)(3)(i). The ALJ found as a result that Upchurch had the residual capacity to perform light work as defined by 20 C.F.R. §§ 404.1567(b)

and 416.967(b). (Tr. at 22.) No legal error arises from the ALJ's determination that Upchurch's "medical improvement" related to Upchurch's ability to work.

Upchurch next argues that Judge Strong incorrectly found that substantial evidence in the record supported the ALJ's finding of medical improvement. (Doc. 26 at 2.) Upchurch contends that no "support in the record for medical improvement" exists. (Doc. 26 at 3-4.) Upchurch similarly argues that Judge Strong made an error when he found improvement in Upchurch's ability to perform work. (Doc. 20 at 6-8.)

Judge Strong determined that the ALJ had "reasonably found" a decrease in the medical severity of impairments present on December 2, 2008, and April 1, 2011. (Doc. 25 at 11.) Judge Strong identified evidence in the record from Dr. Michael Dube, Upchurch's treating physician, who performed a total hip replacement on Upchurch on July 9, 2009. (Tr. at 349.) Judge Strong concluded that this evidence supported the ALJ's findings. (Doc. 25 at 11.)

Dr. Dube noted on March 9, 2011, as part follow-up evaluation of Upchurch's left hip that Upchurch's "range of motion of her hip is excellent." (Tr. at 443.) Dr. Dube noted further on March 21, 2011, that "[Upchurch] states she is feeling very well and [Upchurch's] prior symptoms have really resolved." (Tr. at 442.) Dr. Dube's statement provides clear evidence that Upchurch's "symptoms

have really resolved." (Tr. 442.)  Dr. Dube's findings stand in contrast to medical evaluation of Upchurch in December 2008.

Dr. Dorothy Bradbury saw Upchurch in the Northern Montana Hospital Emergency Room on December 2, 2008. (Tr. at 242.) Upchurch had "a dislocated shoulder on the left," and a "fractured acetabulum on the left" side of her hip. (Tr. at 242-43.)  Dr. Bradbury transferred Upchurch to a Great Falls hospital due to the severity of her symptoms. (Tr. at 243.)

Dr. Dube's findings reflect substantial improvement as compared to Dr. Bradbury's.  The ALJ noted that Upchurch's "left hip no longer met the severity listing of 1.03." (Tr. at 22.)  Judge Strong concluded correctly that the improvement reflected between Dr. Bradbury's findings in 2008 and Dr. Dube's findings in 2011 provides a basis for the ALJ's findings that Upchurch's condition had improved on April 1, 2011 as compared to her condition on December 2, 2008.

Upchurch further alleges that Judge Strong failed to consider "the issue of a combination of impairments." (Doc. 26 at 4-5.) Upchurch claims that she falls "within the scope of a combination of impairments." (Doc. 26 at 5.)  Judge Strong noted that Upchurch's "severe impairments did not satisfy the criteria of the Listing of Impairments after March 31, 2011." (Doc. 25 at 21.)

The ALJ considered "[Upchurch]'s symptoms," to determine "whether there is an underlying medically determinable physical or mental impairment*(s)* – i.e. an

8

impairment*(s)*that can be shown by medically acceptable clinical and laboratory diagnostic techniques." (Tr. at 19) (emphasis added).  The ALJ looked for any impairment or impairments that Upchurch exhibited. (Tr. at 19.) The ALJ found "the severity of [Upchurch]'s left hip condition met listing 1.03 and 1.06A&B." (Tr. at 19.)   The ALJ's recitation clarifies that the ALJ considered the possibility of a combination of impairments. (Tr. at 19-20.) No error exists in Judge Strong's identification of the ALJ's analysis. (Doc. 25 at 21.)

Upchurch further claims that Judge Strong failed to "consider the medical evidence of the counselor." (Doc. 20 at 5.) Upchurch argues specifically that Judge Strong failed to address "the issue of the proper weight provided the counselor." (Doc. 26 at 5.) Upchurch seeks consideration of the counselor's opinion "on key issues such as impairment severity and functional effects." (Doc. 26 at 5.)  Judge Strong found that the ALJ "thoroughly reviewed the medical record and considered Ms. Upchurch's accident-related impairments along with her arthritis, depression and anxiety." (Doc. 25 at 13.)

Upchurch's "counseling and use of medications for depression, anxiety and insomnia" left "the [ALJ] persuaded" that Upchurch's depression and anxiety met the threshold criteria of a severe impairment that has more than a slight effect on Upchurch's ability to work. (Tr. at 24.)   The ALJ's conclusion is notable due to the ALJ's reliance on "a consultation report from a doctor who discussed that

9

Upchurch has got some altered mental status." (Tr. at 24) (citing "Medical Records covering the period – multiple complaints, dated 01/25/2008 to 02/10/2009, from ROCKY BOY HEALTH BOARD *denoted as* Ex. 3F.) The ALJ reached this conclusion based upon the reports of Upchurch's counselor. (Tr. at 24.) The ALJ considered appropriately the medical evidence of the counselor.

Upchurch concludes with an objection to "the vocational expert findings by the Magistrate." (Doc. 26 at 6.) Judge Strong found that the ALJ had relied on the testimony of a vocational expert that addressed the limitations that the ALJ believed Upchurch "actually had." (Doc. 25 at 14-15.) The vocational expert based his testimony on a hypothetical worker afflicted with the limitations that the ALJ believed could be ascribed to Upchurch. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.1989) (it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record). No error exists in Judge Strong conclusion that the ALJ acted appropriately.

The Court has reviewed thoroughly the administrative record in Upchurch's case. The Court will affirm the ALJ's decision because no legal error exists in the ALJ's findings, and the administrative record as a whole reasonably supports the Commissioner of Social Security's decision. *Allen*, 749 F.2d at 579.

***Findings and Recommendations***

The Court reviews for clear error the remainder of the Judge Strong's findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.2000).

Judge Strong recommended that the Court deny Upchurch's motion for summary judgment (doc. 12), and grant the Commissioner's motion for summary judgment (doc. 18). (Doc. 25 at 15.) At the outset, Judge Strong stated correctly this Court's limited review of a decision of the Commissioner of Social Security. (Doc. 25 at 3.) Judge Strong proceeded to address the initial five-step sequential evaluation process that the Commissioner uses to determine whether a claimant qualifies as disabled. (Doc. 25 at 4-5.) Judge Strong then addressed the eight-step sequential evaluation process that the Commissioner uses to determine whether Upchurch remained eligible for disability benefits, and the seven-step sequential evaluation process to determine whether Upchurch remained eligible for supplemental security income benefits. (Doc. 25 at 5-7.)

Judge Strong concluded that the ALJ had based the decision to award Upchurch a closed period of benefits on substantial evidence and that the decision stands free of legal error. (Doc. 25 at 15.) No clear error exists in Judge Strong's findings or recommendations. Therefore, **IT IS ORDERED,**

1. Upchurch's motion for summary judgment (Doc. 12) is **DENIED**;

2. The Commissioner's motion for summary judgment (Doc. 18) is **GRANTED**;

3. The Clerk shall enter judgment in favor of the defendant, the Commissioner.

Dated the 7th day of May, 2014.

_____
Brian Morris
United States District Court Judge